**46**

**Troi TORAIN, Plaintiff–Appellant,**

v.

**John C. LIU, Defendant–Appellee.**

**No. 07–3672–cv.**

United States Court of Appeals,
Second Circuit.

May 22, 2008.

James P. Cinque, Cinque & Cinque, P.C., New York, NY, for Plaintiff–Appellant.

Kenneth Sasmor (Lawrence S. Kahn and Stephen McGrath, of counsel), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Defendant–Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. WALKER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Troi Torain appeals from a judgment of the United States District Court for the Southern District of New York (Daniels, J.), entered on August 20, 2007, dismissing his state-law defamation claim against defendant-appellee John C. Liu for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts and procedural history of the case.

On appeal, Torain argues that the district court improperly concluded that Liu's various statements—that Torain was a "sick racist pedophile," a "loser pedophile," a "broadcaster pedophile," a "child predator," a "lunatic," and that he "must be put behind bars" and should be "terminated from the face of the earth"—were opinions and not statements of fact. Under New York and federal law, expressions of pure opinion, as opposed to statements of fact, are not actionable, receiving full constitutional protection. *See, e.g., Gross v. N.Y. Times Co.,* 82 N.Y.2d 146, 152, 603 N.Y.S.2d 813, 623 N.E.2d 1163 (1993). "[W]hether a statement is opinion or rhetorical hyperbole as opposed to a factual representation is a question of law for the court." *Mr. Chow of N.Y. v. Ste. Jour Azur S.A.,* 759 F.2d 219, 224 (2d Cir.1985). At bottom, the inquiry is whether a reasonable listener is likely to have understood the statements as conveying provable facts about the plaintiff. *See Gross,* 82 N.Y.2d at 155, 603 N.Y.S.2d 813, 623 N.E.2d 1163; *see also Brian v. Richardson,* 87 N.Y.2d 46, 51, 637 N.Y.S.2d 347, 660 N.E.2d 1126 (1995) (explaining that the factors to be considered in addressing this question are: (1) whether the specific language at issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances signals to listeners that what is being heard is likely to be opinion, not fact).

Having reviewed the statements in the overall context that they were made, *see Brian,* 87 N.Y.2d at 51, 637 N.Y.S.2d 347, 660 N.E.2d 1126, we conclude that a reasonable listener could not have believed that the statements were intended to convey objective facts. While Torain is correct that the term "pedophile" may be used in a way that has a precise meaning and that is capable of being proven true or false, *see id.,* no reasonable listener could

have perceived Liu's statements, in the context that they were made, to convey that Torain had committed acts of pedophilia. Rather, Liu was clearly expressing his disdain for Torain's comments on the radio that he wanted to sexually abuse the four-year-old child of a rival disc jockey, using the term "pedophile" as an entirely warranted expression of opinion in view of the statements concerning the plaintiff's intended conduct, statements which Liu does not dispute he made over the airwaves. *Cf. Old Dominion Branch No. 496, Nat'l Ass'n of Letter Carriers v. Austin,* 418 U.S. 264, 285, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974) (explaining that the use of the term "blackmail" to describe the plaintiff's negotiating position was non-actionable because "even the most careless reader must have perceived that the word was no more than rhetorical hyperbole, a vigorous epithet used by those who considered [the plaintiff's] position extremely unreasonable"). Torain himself admits that his "war of words," as he describes his remarks, received "extensive media coverage and commentary." Compl. at ¶ 7. It is within this surrounding circumstance that we must examine Liu's statements and how a reasonable listener would have

perceived them.[1]  Thus, for example, when Liu described Torain as a "criminal" and as someone who "must be put behind bars," a reasonable listener would have easily perceived that Liu was expressing his opinion that Torain should be imprisoned for his harassing on-the-air remarks, not for committing actual acts of pedophilia.[2]  In short, when examined in the context in which they were made, we conclude that none of Liu's statements would "reasonably appear to state or imply assertions of objective fact." *Immuno AG. v. Moor-Jankowski,* 77 N.Y.2d 235, 243, 566 N.Y.S.2d 906, 567 N.E.2d 1270 (1991).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

1.  Torain contends that the district court improperly considered the statements that he made during his "war of words" because they were not included in his complaint. This argument fails. As noted above, in determining whether a statement is actionable, the court "should look to the over-all context in which the assertions were made and determine on that basis 'whether the reasonable [listener] would have believed that the challenged statements were conveying facts about the libel plaintiff.'" *Brian,* 87 N.Y.2d at 51, 637 N.Y.S.2d 347, 660 N.E.2d 1126. Torain himself introduced this context in his complaint, noting that he was engaged in a "war of words" with a rival disc jockey, Compl. at ¶ 7, and that in the course of this "hip-hop radio 'hate campaign'" he made comments about the disc jockey's daughter, *id.* at ¶¶ 8–9, statements for which he later publicly apologized, *id.* at ¶ 8. The district court did not err

in considering these statements as part of the overall context.

2.  Torain argues that Liu's statements calling him a "pedophile" were accusations of criminal conduct and should thus be considered defamatory *per se*. This argument misstates the law. While specific allegations of particular criminal conduct may be actionable, *see Cianci v. New Times Publishing Co.,* 639 F.2d 54, 64 (2d Cir.1980), "there is simply no special rule of law making criminal slurs actionable regardless of whether they are asserted as opinion or fact," *Gross,* 82 N.Y.2d at 155, 603 N.Y.S.2d 813, 623 N.E.2d 1163. The underlying inquiry remains the same: whether "the reasonable listener ... is likely to understand the remark as an assertion of provable fact." *Id.*